IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## VERCHAUNT JOSHUA WILLIAMS v. STATE OF TENNESSEE

**Circuit Court for Montgomery County**
**No. 63CC1-2012-CR-457**

_____

**No. M2026-00545-CCA-R28-PC**

_____

## ORDER

The *pro se* Petitioner, Verchaunt Joshua Williams, has filed an application for permission to appeal the trial court's order denying his motion to reopen his prior post-conviction petition. Tenn. Code Ann. § 40-30-117; Tenn. Sup. Ct. R. 28, Sec. 10(B). For the reasons stated below, the Court hereby denies the Petitioner's application.

## Background

The Petitioner was convicted on one count each of first degree murder, tampering with evidence, and abuse of a corpse for the January 2012 death of the victim, and he received an effective sentence of life plus five years. *State v. Williams*, No. M2014-02049-CCA-R3-CD, 2015 WL 5032051 (Tenn. Crim. App. Aug. 26, 2015). This Court affirmed the convictions and sentence on direct appeal. *Id.* The Petitioner was unsuccessful in his subsequent pursuit of post-conviction relief. *Williams v. State*, No. M2020-00512-CCA-R3-PC, 2022 WL 2282717 (Tenn. Crim. App. June 23, 2022). The Petitioner was also unsuccessful in his recent pursuit of another attempt to reopen his prior post-conviction petition. *Williams v. State*, No. M2025-00837-CCA-R28-PC (Tenn. Crim. App. July 16, 2025) (Order), *rehear and perm. app. denied*. The Petitioner currently has an appeal pending from the trial court's order denying his petition seeking error coram nobis relief. *State v. Williams*, No. M2025-00832-CCA-R3-ECN.

The Petitioner states he filed the instant motion to reopen his prior post-conviction petition on February 24, 2026. He did not attach a file-stamped copy of that motion to the instant application, however. The trial court denied the motion by written order on March 10, 2026. Therein, that court stated the Petitioner filed his motion to reopen on March 2, 2026. As noted in the court's order, the Petitioner alleged in his motion that *Glossip v.*

*Oklahoma*, 604 U.S. 226 (2025) established a constitutional right that did not exist at the time of trial and that right should be applied retroactively to his case. As the trial court observed, the Supreme Court relied upon established precedent in *Napue v. Illinois*, 360 U.S. 264 (1959) and *Giglio v. United States*, 405 U.S. 150 (1972) in ordering a new trial for Glossip. 604 U.S. at 246-252. Nevertheless, the trial court held:

> Petitioner relies upon the contention that trial counsel represented a witness in Petitioner's trial, Eric Ferrer, on a misdemeanor prior to the commencement of trial counsel undertaking representation of the Petitioner. At the hearing on the original Petition for Post Conviction Relief, trial counsel testified that such representation was disclosed to Petitioner and that Petitioner had no objection. No evidence was presented at that hearing that such was not the case, or that the Petitioner ever objected to trial counsel representing Eric Ferrer. Trial counsel died a short time following that hearing. No evidence has been presented at any point that the State possessed any evidence which would have affected the credibility of any witnesses which testified at trial, to such an extent so as to change or affect the jury's verdict.

The trial court thus held the Petitioner is not entitled to reopen his prior post-conviction petition.

## Motion to Reopen Post-Conviction Petition

A petitioner may seek post-conviction relief from a conviction or sentence that is void or voidable due to the violation of any constitutional right. Tenn. Code Ann. § 40-30-103. The Post-Conviction Procedure Act ("the Act") limits a petitioner to a single petition for relief. § 40-30-102(c). However, a petitioner may seek relief on claims that arise after the disposition of the initial petition by filing a motion to reopen the post-conviction proceedings "under the limited circumstances set out in § 40-30-117." *Id.* Relief will only be granted on a motion to reopen if the claim presented is based upon a final ruling of an appellate court establishing a constitutional right not previously recognized at the time of trial and retrospective application is required, if the claim is based upon new scientific evidence establishing the appellant is actually innocent of the crime, or if the claim presented seeks relief from a sentence that was enhanced because of a previous conviction which has subsequently been invalidated. § 40-30-117(a). A motion filed pursuant to a new ruling must be filed within one year thereof. *Id.* Furthermore, the facts underlying the claim, if true, must establish by clear and convincing evidence that a petitioner is entitled to have his or her conviction set aside or his or her sentence reduced. *Id.*

2

"If the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal." Tenn. Code. Ann. § 40-30-117(c). The application must contain copies of all documents filed by both parties in the trial court as well as the order denying the motion. *Id.* This Court will grant an application for permission to appeal only if it concludes the trial court abused its discretion in denying the motion to reopen. § 40-30-117(c).

## Discussion

To begin, the Petitioner's application, although timely, is incomplete. As noted above, the Petitioner did not attach to his application a copy of the motion to reopen he filed in the trial court. To that end, and as highlighted above, it is unclear whether he filed that motion within one year of the Supreme Court's opinion in *Glossip*, filed on February 25, 2025, upon which he relies for relief. Based on that defect alone, this Court is bound to deny the Petitioner's application. *See Bonds v. State*, No. W2025-01467-CC-R28-PC, 2025 WL 3022562 (Tenn. Crim. App. Oct. 29, 2025). However, even assuming the Petitioner timely filed his motion to reopen, the trial court did not abuse its discretion by denying the motion to reopen. As discussed above, *Glossip* is not a final ruling of an appellate court establishing a constitutional right not previously recognized at the time of the Petitioner's trial. § 40-30-117(a). Thus, the Petitioner's reliance on that opinion offers him no relief in this instance.

## Conclusion

For these reasons, the Petitioner's application for permission to appeal is denied. Because it appears the incarcerated Petitioner remains indigent, costs are taxed to the State. Pursuant to statute, though, the State has the authority to recoup the costs associated with this appeal from the Petitioner's trust fund account at the conclusion of the appeal, if appropriate. Tenn. Code Ann. § 40-25-143.

Holloway, Easter, Ayers, JJ.

3